FILED
2009 Apr-27  AM 09:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MARK A. BUNDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-08-S-1581-NE |
| | ) | |
| MICHAEL  J.  ASTRUE, | ) | |
| Commissioner,  Social  Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Mark Bundy commenced this action on August 29, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ failed to consider of all his severe impairments, and that the ALJ improperly considered his subjective complaints of pain.  Upon review of the record, the court concludes those contentions are without merit.

Claimant first argues that the ALJ should have considered claimant's anxiety and degenerative lumbar disc disease to be severe impairments.  With regard to claimant's anxiety, the ALJ noted that claimant had never sought treatment by a mental health professional, and that he experienced no more than mild impairments as a result of the condition.  The ALJ also noted that claimant had not experienced an extended episode of decompensation, and that he had no history of an inability to function outside a highly supportive living arrangement.  With regard to claimant's lumbar disc disease, the ALJ found that there was no evidence to support any level of impairment, and, specifically, that x-rays indicated only mild narrowing of the disc space.[1]  This court agrees with the ALJ that these conditions do not reflect severe impairments within the meaning of the Social Security regulations.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c) (defining a "severe" impairment as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities.").

---

[1]Tr. at 16.

Furthermore, even if claimant's anxiety and lumbar disc disease should have been considered severe impairments, the outcome of claimant's appeal would not have changed. When the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1545(e), 416.945(e). The ALJ properly applied this legal principle.[2] Accordingly, the ALJ properly considered claimant's anxiety and lumbar disc disease as part of the combination of claimant's impairments, even if the ALJ did not assign those conditions the label of "severe" impairments.

Claimant also argues that the ALJ failed to properly consider his subjective complaints of pain. To demonstrate that pain renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786

---

[2]*See* Tr. at 14-20.

F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles.  He stated:

> In considering the claimant's symptoms, the undersigned must follow a two step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s) — i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques — that could reasonably be expected to produce the claimant's pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities.  For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must make a finding on the credibility of the statements based on a consideration of the entire case record.[3]

Upon consideration of the medical evidence of record, the ALJ found that claimant's impairments could reasonably be expected to produce the symptoms he alleged, but that claimant's statements about the intensity, persistence and limiting effects of his symptoms were not entirely credible.[4]  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial

---

[3]Tr. at 21.

[4]Tr. at 22.

4

evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).  The ALJ reasoned that claimant's symptoms generally were relieved with surgical intervention, that claimant's treating physicians did not identify disabling limitations, and that claimant's alleged symptoms were inconsistent with his reported daily activities.[5]  These conclusions were supported by substantial evidence.

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 27th day of April, 2009.

_____
United States District Judge

---

[5]Tr. at 22.